**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **JACK and BARBARA HOLLINS,** ) | |
| **individually and on behalf of all others** ) | |
| **similarly situated,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **No. 3:13-01026** |
| **FARMERS INSURANCE EXCHANGE,** ) | |
| **doing business as MID-CENTURY** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM

This is an insurance dispute originally filed in the Circuit Court for Davidson County, Tennessee but removed to this Court purportedly on diversity jurisdiction grounds. Plaintiffs have filed a Motion to Remand (Docket No. 20) to which Defendant has filed a response in opposition (Docket No. 26). For the reasons that follow, the Motion to Remand will be granted.

## I.

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). In addition to federal question jurisdiction, a district has jurisdiction over diversity actions where the amount in controversy is in excess of $75,000. 28 U.S.C. § 1332. For purposes of removal under 28 U.S.C. § 1441(b), there must be complete diversity of the parties at the time of removal, meaning that "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." Coyne v. Am. Tobacco Co., 183 F.3d 488, 492 (6th Cir. 1999).

The removal statutes "are to be strictly construed," Syngenta Crop Protection, Inc. v.

1

Henson, 537 U.S. 28, 32 (2012), and the removing party, as the one invoking jurisdiction, "has the burden of demonstrating by competent proof that the complete-diversity and amount-in-controversy requirements are met," Cleveland Housing Renewal Project v. Deutsche Bank Trust Co., 621 F.3d 554, 559 (6th Cir. 2010). Any doubt about the propriety of removal must be resolved in favor of remand. Coyne, 183 F.3d at 493; Lexington-Fayette Urban Cnty. Gov't Civil Serv. Comm. v. Overstreet, 115 F. App'x 813, 816 (6th Cir. 2004).

## II.

Defendant insists that removal was proper because Plaintiffs really meant to sue Mid-Century Insurance Company. After all, there is no entity known as "Farmers Insurance Exchange, doing business as Mid-Century Insurance Company." Further, Farmers Insurance Exchange does not do business as Mid-Century Insurance Company and is not known as Mid-Century Insurance.

There is, however, a Farmers Insurance Exchange and a Mid-Century Insurance Company. Defendant concedes both "are authorized to use 'Farmers' and other related service marks (which numerous other affiliated, yet wholly separate and distinct legal entities are likewise authorized to use)." (Docket No. 26 at 6). Defendant also concedes that "Mid-Century Insurance Company is owned, in part, by Farmers Insurance Exchange (80%) as well Fire Insurance Exchange (12.5%) and Truck Insurance Exchange (7.5%), each of which also use 'Farmers' and other service marks." (Id.).

Mid-Century Insurance is a California corporation with its principal business in Los Angeles, California. Farmers Insurance Exchange is also organized under the laws of the State of California and has its principal place of business in Los Angeles, but it is a reciprocal or inter-insurance

exchange. "The law is well-settled in most jurisdictions . . . that for purposes of diversity jurisdiction, the citizenship of a reciprocal insurance exchange is determined to be each state within which it has a subscriber or member." <u>Mid-Century Ins. Co. v. Johnson</u>, 2013 WL 3013620, at *3 (D. Kan. June 14, 2013) (citing, <u>Arbuthnot v. State Automobile Ins. Assoc.</u>, 264 F.2d 260, 261–62 (10th Cir. 1959).

Defendant acknowledges this law and that Farmers Insurance Exchange is a Tennessee resident for purposes of diversity because some of its members reside in this state. It also recognizes that Plaintiffs are Tennessee residents and so diversity would not exist if Farmers Insurance Exchange is the proper Defendant. It argues, however, that "Plaintiffs' Complaint unequivocally demonstrates that Plaintiffs intend to sue the company that issued their insurance policy – Mid-Century Insurance Company." (Docket No. 26 at 4). Since complete diversity exists between Plaintiffs and Mid-Century Insurance Company, Defendant contends that removal was proper.

### III.

"'The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." <u>Harnden v. Jayco, Inc.</u>, 496 F.3d 579, 581 (6th Cir. 2007) (quoting <u>Harper v. AutoAlliance Intern., Inc.</u>, 392 F.3d 195, 210 (6th Cir. 2004)). "But federal courts may look beyond the pleadings to assess challenged facts; this may occur, for example, when the defendant alleges that the plaintiff fraudulently joined non-diverse defendants to destroy diversity jurisdiction." <u>Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.</u>, 491 F.3d 320, 330 (6th Cir. 2007).

In relevant part, the federal removal statute provides that a notice of removal "shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading[.]" 28 U.S.C.

§ 1446(b). If, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]" Id. § 1446(b)((2)(C).

Contrary to Defendant's omniscient suggestion, Plaintiff's are the master of their complaint. Paul v. Kaiser Foundation Health Plan of Ohio, 701 F.3d 514, 522 (6th Cir. 2012); Ohiol *es rel.* Skaggs v. Brunner, 629 F.3d 527, 531 (6th Cir. 2010). A fair reading of the Complaint filed in the Davidson County Circuit Court and the documents attached thereto suggests that Plaintiffs intended to sue Farmer's Insurance Exchange, or both Farmers Insurance Exchange and Mid-Century Insurance; not, as Defendant would have it, only the latter.

The Complaint lists the Defendant as "Farmers Insurance Exchange, doing business as Mid-Century Insurance Company ('Defendant' or 'Farmers')[.]" (Doket No. 1 at 6). By virtue of this designation, the repeated references to "Defendant" throughout the Complaint must mean Farmers Insurance Exchange. The Complaint was served on "Farmer's Insurance Exchange" through the Tennessee Department of Commerce and Insurance and summons was issued to that entity, not Mid-Century Insurance Company. (Docket No. 1-1 at 3 & 4).

Moreover, the insurance policy attached to the Complaint bears the logos of "Farmers" and "Farmers Insurance Group," and was apparently signed on behalf of Farmers Insurance Exchange, among others. (Id. at 21 & 42) . Pre-filing correspondence relating to coverage sent to Plaintiffs' counsel also bore Farmers' letterhead. (Id. at 20 & 66). Plaintiffs' interrogatories, requests for production of documents, and requests for admissions filed in the state court also identify the Defendant as "Farmers." (Id. at 71).

Certainly the foregoing suggest that Plaintiffs intended to name  Farmers Insurance Exchange as Defendant.  This conclusion remains even though Defendant tries to couch this litigation as simply  a breach of contract dispute between Plaintiffs and their insurer, which is identified in the policy as Mid-Century Insurance.

The Complaint is broader than a dispute about coverage for a sinkhole.  Leaving aside the class action allegations, the Complaint contains not only a claim for breach of contract, but also claims for breach of the covenant of good faith and fair dealing; fraud and misrepresenation; unfair claims practices; negligence *per se*; and bad faith.  Several courts have held in relation to Farmers that "as the management company and attorney-in-fact for all of its subsidiary and affiliated companies, it could be held liable for bad faith breach of contract," and have "rejected the assertion that as the management company it is not involved in the business of insurance."  Oliver v. Farmers Ins. Grp. of Cos., 941 P.2d 985, 987 (Okla. 1997) (citing Farmers Grp. Inc. v. Trimble, 768 P.2d 1243, 1246 (Col. Ct. App. 1998); Delos v. Farmers Ins. Grp., Inc., 144 Cal. Rptr. 843, 848 (Cal. App. 1979)).  Regardless, whether Farmers Insurance Exchange could ultimately be held liable is something for the state court to determine, but the fact remains clear that Plaintiff intended to sue that entity, destroying diversity jurisdiction.

## IV.

Given the allegations and the naming of Farmers Insurance Exchange in the state court complaint, the Court finds that the matter was not removable at the time of filing.  In so deciding, the Court has considered Defendant's argument that, in accordance with Section 1441, "the Court should ignore the citizenship of the fictitiously named 'Farmers Insurance Exchange doing business as Mid-Century Insurance Company.'"  (Docket No. 26 at 9).

So far as relevant, Section 1441 provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Defendant's contention that the Court ignore the only named Defendant seems problematic since Section 1332(A)(1) requires that diversity suits be between "citizens of different states," yet with no defendant (or at least the only named defendant ignored) only half of the equation in determining whether the parties are completely diverse would exist. This is a potential quandry which the Court need not further explore.

The language referencing fictitiously named defendants was added by the 1998 amendments to 28 U.S.C. § 1441, and for a very specific reason:

> [T]hat amendment was adopted to override the *en banc* decision in <u>Bryant v. Ford Motor Co.</u>, 844 F.2d 602 (9th Cir.1987), which had adopted an across-the-board position that a district court lacked subject matter jurisdiction because of the presence of Doe defendants at the time of a case's removal from the state court. It had been the common practice of lawyers in some states (of which California was the most conspicuous example) to stick one or more "Doe" defendants into a complaint pretty much as a matter of course, whether or not there was a realistic prospect of injecting a real party into the lawsuit at a later date—somewhat in the nature of Dickens' description of Mr. Macawber's favorite expression: "In case anything turned up."

<u>Sousa v. Astra Zeneca Pharm, Inc.</u>, 2010 WL 3834013, at *1 (N.D. Ill. Sept. 24, 2010 (citing 16 Moore's Federal Practice § 107.14[2][c][iii] at 107–54 (3rd ed. 2010)). Thus, courts "quite consistently speak of *fictitious defendants*, rather than of real defendants about whom everything is known except their names, . . . [a]nd that is so even though the literal statutory language is 'defendants sued under fictitious names.'" <u>Id</u>. at 2 (emphasis in original) (collecting cases); <u>see</u> <u>also</u> <u>Brooks v. Purcell</u>, 57 F. App'x 47, 50-51 (3rd Cir. 2002) ("we believe that Congress intended parties to be disregarded <u>unless</u> they were identified so that their citizenship could be ascertained")

(emphasis added).

"Common sense provides that when a court knows the citizenship of a given defendant, it should not turn a blind eye to an indisputable and obvious reality." <u>Caywood v. Anonymous Hosp.</u>, 2012 WL 3264572, at *2 (S.D. Ind. Aug. 9, 2012). "Simply put, a contrary decision would elevate form over substance and needlessly risk wasting federal judicial resources." <u>Id</u>.

Defendant does not deny that there is a Farmers Insurance Exchange or that there is a Mid-Century Insurance. It also does not deny that Plaintiffs are residents of Tennessee and that Farmers Insurance Exchange is a resident of this state for purposes of diversity jurisdiction.

## V.

Finally, Defendant argues that Farmers Insurance Exchange was improperly joined in the state court action, and thus removal was proper. Defendant has not carried its burden of establishing fraudulent joinder.

"A party who removes a case involving non-diverse parties to federal court on diversity grounds will defeat a motion to remand if it can show that the non-diverse parties were fraudulently joined. " <u>Walker v. Philip Morris USA, Inc.</u>, 443 F. App'x 946, 949-50 (6th Cir. 2011). "'Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action.'" <u>Id</u>. (quoting <u>Saginaw Hous. Comm'n v. Bannum, Inc.</u>, 576 F.3d 620, 624 (6th Cir. 2009)).

Sixth Circuit "case law makes clear, it is the removing party's burden to demonstrate fraudulent joinder." <u>Probus v. Charter Comm., LLC</u>, 242 F. App'x 303, 406 (6th Cir. 2007). "[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, [a court] must remand the action to state court." <u>Coyne</u>, 183 F.3d at 494. "To prove fraudulent

joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." Boladian v. UMG Recordings, Inc., 124 F. App'x 165, 168 (6th Cir. 2005) (citing Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 948-49 (6th Cir.1994)). In making that determination, "[t]he district court must resolve 'all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing party.'" Id. Coyne, 183 F.3d at 494 (citation omitted).

"The combination of the 'colorable' standard with the requirement that all ambiguities of state law are to be resolved in favor of the non-removing party presents a significant hurdle." Kent State University Bd. of Trustees v. Lexington Ins. Co., 512 F. App'x 485, 489 (6th Cir. 2013). "A defendant attempting to prove fraudulent joinder thus faces a particularly heavy burden." Id.; see also Turner v. JP Morgan Chase Bank, N.A., 543 F. App'x 300, 301 (4th Cir. 2013) (establishing fraudulent joinder is a heavy burden, . . . and a plaintiff's claim against a nondiverse defendant 'need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted'") (citation omitted); SFM Holdings Ltd. v. Fisher, 465 F. App'x 820, 821 (11th Cir. 2012) ("burden is a 'heavy one' since the factual allegations in the complaint must be viewed in the light most favorable to the plaintiff . . . and since 'all that is required to defeat a fraudulent joinder claim is a possibility of stating a valid cause of action'") (citation omitted).

Defendant argues that this action is "based almost exclusively upon the denial of a sinkhole claim under Plaintiff's homeowner's insurance policy" and that Farmer's Insurance Exchange did not issue that policy. (Docket No. 26 at 10). That may be so, but this hardly establishes that Plaintiff cannot prove a claim against Farmers Insurance Exchange under any of the theories advanced, particularly given the relationship between that entity and Mid-Century Insurance

Company (which Defendant admits), the policy which bears Farmers' logo, and the fact that some courts have concluded that Farmers can be held liable in certain circumstances for the actions of its subsidiaries or affiliates.  All of this, of course, is something for the state court to determine, as a "district court's task is limited to determining there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 811 (8th Cir. 2003).

## VI.

Based upon the foregoing, the Court finds that diversity jurisdiction is lacking and that removal from the Davidson County Circuit Court was improper.  Accordingly, Plaintiff's Motion to Remand will be granted.

An appropriate Order will be entered.

KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE